**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Watson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sallie Mae,<br><br>　　　　　Defendant. | No. CV-24-00502-PHX-DLR<br><br>**ORDER** |

At issue is Defendant Sallie Mae, Inc.'s motion for judgment on the pleadings (Doc. 15), which will be granted, and Plaintiff Ernest Watson's motion for leave to amend (Doc 21), which will be denied.

**I.    Background**

Plaintiff, proceeding *pro se*, initiated this case in Maricopa County Superior Court. (Doc. 1-1.) According to his complaint, he took on loans (presumably for higher education) held by Defendant. On November 28, 2023, he attempted to discharge his loan obligations not by paying Defendant the money it is owed, but by sending Defendant a "Notice of Claim to Credit" "which [i]nstructed [the] CFO to apply principals balance to principals account for set-off 5 business days after receipt." He alleges Defendant did not follow those instructions, so he sent a second notice on December 12, 2023. On December 20, 2023, Defendant called Plaintiff and stated that it would not honor his notice as a valid payment. Plaintiff sent Defendant a third notice on January 2, 2024, which Defendant did not comply

with. Plaintiff then sent a fourth notice on January 16, 2024 "regarding the amount [Defendant] owes for all previous funds [it] received due to it being unlawful money." On January 26, 2024, Defendant sent Plaintiff a letter explaining that the notices he sent "do not satisfy [his] loans, nor do they discharge [his] obligation to repay [his] debt," and that his loan payments are overdue. Based on these allegations, Plaintiff claims Defendant violated: (1) the Truth in Lending Act ("TILA"), (2) the Federal Reserve Act ("FRA"), (3) the so-called "Bill of Exchange Act," (4) Cestui Que Vie Act ("CQVA"), and (5) 15 U.S.C. § 1431 (a statute related to the powers and duties of banks). (*Id.* at 3-4, 26.)

Defendant removed the case to this Court, asserting the existence of both diversity and federal question jurisdiction. Defendant then moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 15.) After the close of briefing on Defendant's motion, Plaintiff moved for leave to amend his complaint. (Doc. 21.)

## II.    Defendant's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Defendant argues that Plaintiff's TILA claim fails because Plaintiff does not identify a specific provision of TILA that Defendants violated, nor does it allege facts that could plausibly support a TILA claim. Defendant further argues that Plaintiff's remaining claims are not cognizable because (1) Plaintiff lacks a private right of action under the FRA and 12 U.S.C. § 1431, (2) that there is no United States statute titled the "Bill of Exchange

Act," and (3) the Cestui Que Vie Act is a 1666 enactment of the English Parliament, not United States law. (Doc. 15.)

Plaintiff filed a response in opposition to Defendant's motion for judgment on the pleadings. (Doc. 17.) In that response, Plaintiff concedes that he lacks a private right of action under the FRA and 12 U.S.C. § 1431, and that the "Bill of Exchange Act" and the Cestui Que Vie Act are foreign laws, rather than United States laws, and cannot support his complaint. The Court therefore grants Defendant's motion for judgment on the pleadings as to counts 2-5 of Plaintiff's complaint because Plaintiff concedes those claims are not cognizable.

As for the TILA claim, Plaintiff states: "there are multiple sections in Title 15 . . . which in one section states there are to be know cash involved in any consumer credit transaction and also consumer information was shared without my consent." (*Id.* at 17.) But Plaintiff fails to identify in his complaint or in his response any section of TILA that he believes Defendant violated, nor does he allege in his complaint that Defendant shared any of his information without consent. The Court agrees with Defendant that Plaintiff's complaint fails to state a plausible TILA violation. Defendant's motion is granted as to count 1 of the complaint, as well.

### III. Plaintiff's Motion for Leave to Amend

When assessing whether to grant leave to amend, the Court considers factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the Court agrees with Defendant that leave to amend should be denied because Plaintiff's proposed amendments are futile.

Plaintiff's proposed amended complaint alleges that Defendant refused to "apply or accept [a] negotiable [i]nstrument," and, based on that single factual allegation, replaces the original claims with the following:

> Violation of State consumer protection laws, UCC 3- 104 Negotiable Instruction, 15 USC 6801 , 15 USC 6802, 15 USC 1602 describes definitions and construction by a consumers position, 15 USC 1605 , 15 USC 1615

> Non- acceptance, Breach of confidentiality, violation of state consumer laws, Breach of contract

(Doc. 22 at 2.)

As Defendant correctly notes in its response in opposition to Plaintiff's motion, no private right of action exists under UCC 3-104, 15 U.S.C. § 6801, 15 U.S.C. § 6802, 15 U.S.C. § 1602, and 15 U.S.C. § 1605. *See Thomas v. Bank of Am, N.A.*, No. 1:11-CV-0391-WSD-AJB, 2011 WL 13120644, at *20 (N.D. Ga. Nov. 30, 2011) (explaining that UCC 3-104 merely "provides a definition" and is not "a provision that can be violated or that otherwise provides the basis for a civil action"), *report and recommendation adopted at* 2012 WL 12875510 (N.D. Ga. Jan 31, 2012); *Barnett v. First Premier Bank*, 475 F. App'x 174 (9th Cir. 2012) (no private right of action exists under 15 U.S.C. § 6801); *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 4732145, at *5 (D. Ariz. Aug. 14, 2020) (no private right of action exists under 15 U.S.C. §§ 6801 and 6802); *Matthews v. Ally Bank*, No. 1:23-cv-05106-MLB-RDC, 2024 WL 2941491, at *4 (N.D. Ga. May 7, 2024) (noting that 15 U.S.C. § 1602 is merely a definitional section in TILA that does not itself supply a private right of action); *Timms v. Chevrolet*, No. 3:23-cv-02442-X (BT), 2023 WL 8862331, at *2 (N.D. Tex. Nov. 7, 2023) (explaining that 15 U.S.C. § 1605 is a provision of TILA that "includes a series of charges which may collectively constitute the 'finance charge' in a 'consumer credit transaction'" but which "provides no private cause of action") (internal citation omitted).

To the extent Plaintiff is attempting, through his citations to various sections of TILA, to bring some type of claim under that statute, his proposed amended complaint fails to plausibly allege any such violation. Indeed, another court in this district recently found futile nearly an identical TILA claim proposed by Plaintiff against another lender:

> The proposed amended complaint invoked four provisions of the Truth in Lending Act ("TILA"): 15 U.S.C. §§ 1601, 1602, 1605, 1615. A private party such as Watson can pursue a claim under TILA. *See* 15 U.S.C. § 1640 (TILA's civil liability provision). In general, "[t]he purpose of the TILA is to promote the informed use of credit by consumers" and "TILA's requirements principally focus on disclosures that creditors must make when offering credit." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 887 (9th Cir. 2011). But Watson is not

- 4 -

> complaining regarding disclosures. Instead, Watson bases his TILA claim on Financial Center refusing to accept a "negotiable instrument." There are no additional factual allegations that would render that a plausible basis for a TILA claim.

*Watson v. Financial Ctr. First Credit Union*, No. CV-24-00469-PHX-KML, 2024 WL 4371948, at *3 (D. Ariz. Oct. 2, 2024). Likewise, Plaintiff's proposed amended complaint fails to identify any "state consumer protection laws" that might be implicated by Defendant's alleged refusal to accept a negotiable instrument, nor does it explain how this lone factual allegation could constitute a breach of confidentiality or contract. *See Watson*, 2024 WL 4371948, at *3 (finding nearly identical allegations in an amended complaint proposed by Plaintiff to be futile). For these reasons, the Court denies Plaintiff leave to amend.

**IT IS ORDERED** as follows:

1. Defendant's motion for judgment on the pleadings (Doc. 15) is **GRANTED**.

2. Plaintiff's motion for leave to amend (Doc. 21) is **DENIED**.

3. The Clerk shall enter judgment for Defendant and terminate this case.

Dated this 12th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge